# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      No. CR 99-580 JC (BB)

DONOVAN STEVEN BROWN,

        Defendant.

### COURT'S FINDINGS OF FACT
### AND CONCLUSIONS OF LAW
### AND
### ORDER GRANTING SUPPRESSION

THIS MATTER came before the Court for an evidentiary hearing on November 1, 1999, in Las Cruces, on Defendant's *Motion to Suppress Physical Evidence and Statements* (#26), and having reviewed the briefs of counsel, having heard the evidence, and having entertained the oral arguments of counsel, the Court now makes the following findings of fact and conclusions of law:

### Findings of Fact

1.    United States Border Patrol Agent Craig Courter was on roving patrol on January 30, 1999. At approximately 11:30 AM, he was driving west on New Mexico Highway 26 about 50 miles north of the border with the Republic of Mexico when he noticed a car coming in the opposite direction at a fast speed.

2.   Agent Courter initially noticed the vehicle had an out-of-state license plate which he soon recognized as a New Jersey license. He found it "odd immediately that a vehicle from New Jersey was using this highway traveling eastbound at this time of the day and traveling eastbound at this rate of speed." He also found it odd that "[t]his individual driving this vehicle passed me at a high rate of speed, never touched his brake lights, never looked at me, never acknowledged me or anything."

3.   Agent Courter immediately made a U-turn and caught up to the small grey vehicle. He then noticed the car had a University of Nebraska decal on the window and that it was crooked. He thought this was odd because college students usually place such decals with great pride. He also said such stickers are often used as "disclaimers" to decoy law enforcement.

4.   Agent Courter called the Border Patrol office to determine whether this vehicle had crossed the United States-Mexico border within 72 hours. The response to this check was negative.

5.   A vehicle registration check then revealed the car had been rented from a New Jersey rental car agency. Agent Courter testified this further aroused his suspicion as "[a] lot of people conducting illegal activity tend to use a car that does not belong to them and will place the various disclaimers on these vehicles."

6.   All highways within southern New Mexico are "known smuggling routes."

7.   Agent Courter followed Defendant's vehicle for approximately six miles before he pulled it over.

8. While following this vehicle, Agent Courter noted its speed fluctuated between 60 and 80 miles per hour and that it swerved. On cross-examination, however, Agent Courter expressly denied he stopped the car based on its speed.

9. On cross-examination Agent Courter confessed that his thinking as of the time of the stop was "I'm not sure what crime has occurred. I do feel there is a crime occurring or has occurred."

10. Agent Courter stopped the grey Hyundai driven by Donovan Brown looking for "illegal aliens or illegal contraband." He testified, "I knew something was probably wrong, but I did not know what." Agent Courter continued, "I didn't know if the vehicle was stolen or if Mr. Brown had a body in the trunk. I didn't know any of these. I didn't know what the crime was until I saw and smelled what I believed to be marijuana ...."

## Conclusions of Law

1. The Government bears the burden of justifying a warrantless search. *United States v. Maestas*, 2 F.3d 1485, 1491 (10th Cir. 1993).

2. Stopping an automobile and detaining the occupant even briefly constitutes a seizure within the meaning of the Fourth Amendment. *United States v. Gregory*, 79 F.3d 973, 977 (10th Cir. 1996).

3. The power of the Border Patrol agents on roving patrol to make stops on reasonable suspicion originates from the likelihood a person recently crossed the border. *United States v. Venzor-Castillo*, 991 F.2d 634 (10th Cir. 1993). Defendant was detained on New Mexico Highway 26 about 50 miles from the Mexican border, but prior to the stop

Agent Courter determined Defendant had not crossed at a border check point within the previous 72 hours. *Id*. at 638 (border not a factor "when the circumstances will not permit a reasonable presumption the traveler came from beyond the international border").

4.  If smugglers prefer large vehicles for their capacity, *see, e.g., United States v. Lopez-Martinez*, 25 F.3d 1481 (10th Cir. 1994); *United States v. Lujan*, 188 F.3d 520 (10th Cir. 1999) (unreported); *United States v. Huereque-Mercado*, 132 F.3d 43 (10th Cir. 1997) (unreported), it logically follows small vehicles, like the Hyundai driven by Defendant, should be less suspicious.

5.  While out-of-state license tags may be considered, as a general rule this fact is not significantly probative of illegal activity and adds little to the reasonable suspicion analysis. *United States v. Martinez-Cigarroa*, 44 F.3d 908, 911 (10th Cir.), *cert. denied*, 514 U.S. 1029 (1995); *United States v. Monsisvais*, 907 F.2d 987 (10th Cir. 1990).

6.  The failure to make eye contact with, or even look at, a border patrol agent driving the opposite direction is not a substantive factor supporting reasonable suspicion. *State v. Mendoza*, 748 P.2d 181 (Utah 1987). Nor does the combination of an out-of-state license along with a driver who avoided eye contact provide reasonable suspicion. *United States v. Halls,*, 40 F.3d 275, 276 (8th Cir. 1994), *cert. denied*, 514 U.S. 1076 (1995).

7.  Slowing down when the marked border patrol turned and pulled up on the Defendant's vehicle was not inherently suspicious. *United States v. Diaz*, 977 F.2d 163 (5th Cir. 1992). But Defendant's driving behavior may be considered in assessing reasonable suspicion.

4

8. Reasonable suspicion is to be determined by the totality of the circumstances. *United States v. Hinojos*, 107 F.3d 765, 768 (10th Cir. 1997). Even when considered in their totality, the factors enumerated by Agent Courter do not amount to an articulable basis for a reasonable suspicion that Defendant was engaged in illegal activity. *See United States v. Guillen-Cazares*, 989 F.2d 380 (10th Cir. 1993).

Now, therefore,

**IT IS ORDERED** that Defendant's *Motion to Suppress Physical Evidence and Statements* is **GRANTED**.

Dated at Albuquerque this 5th day of November, 1999.

												_____
												**BRUCE D. BLACK**
												United States District Judge

Counsel for the Government:
	Kelly H. Burnham, Assistant U.S. Attorney, Las Cruces, NM
Counsel for Defendant:
	Robert J. McDowell, Assistant Federal Public Defender, Las Cruces, NM